[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By writ, summons, and complaint dated September 9, 1993, the plaintiff, Wayne Steward, seeks a dissolution of his marriage to the defendant Beverly Steward. By cross-complaint, dated September 29, 1993 the defendant seeks a dissolution of her marriage to the defendant. In addition both parties are seeking other associated equitable relief.
This case was fully tried as a limited contested case, both parties present and represented by counsel.
After both parties were fully heard, the court based upon a preponderance of the credible, relevant and legally admissible evidence, finds, concludes and rules as follows:
The plaintiff, whose maiden name was Beverly Tancredi, and whose name at the time of this marriage was Beverly Bennett, and the defendant intermarried at Clinton, Connecticut on August 28, 1968.
Both parties to this marriage, for at least twelve months next preceding the date of the filing of this complaint, have been residents of this state. There are no minor children issue of this marriage.
The parties have been married for over 25 1/2 years. Both parties have worked through out the marriage. The parties have one adult son who at the time of the trial was unemployed and residing with the defendant at her home which is a trailer situated on a lot that is jointly owned by the parties, as is the trailer. The plaintiffs' W-2 form for 1993 indicates an average wage of $1,119.00 per week. The defendant earns approximately $18,000 per year and has worked through out the marriage except for 6 months at the time of the birth of the child and for one year following each of two automobile accidents in which she was injured.
The court finds that the plaintiff must bear the onus for CT Page 2945 the breakdown of the marriage. The plaintiff expressed an affinity to the state of Maine, wishing to some day return there. The defendant, according to the plaintiff, did not want to return to Maine. The parties also manifest the estrangement the develops where there is an increasing inability or lack of desire to communicate with each other as they once did. However, the plaintiff preference to be in the company of another woman, who is resident of the state of Maine, is the primary cause of the breakdown of this marriage. The court finds that the marriage of the parties has brokendown irretrievably.
Based upon the criteria mandated under Sections 46b-81 and46b-82, the court rules, orders and awards as follows:
The plaintiff shall quitclaim to the defendant all of his rights, title and interest in the real property and the trailer thereon, both located at 14 Highland Drive, free and clear of any encumberances [encumbrances] thereon not existing at the time of the filing of the instant complaint.
The husband shall retain the 1991 Isuzu motor vehicle presently in his possession and the wife shall retain the 1991 Toyota Camry in her possession.
Within 90 days after the date of this dissolution, one-half of the balance currently deposited in the plaintiffs 401K program, through Stanley-Bostitch, shall be withdrawn and paid to the wife pursuant to a Qualified Domestic Relations Order. Said balance is approximately $6,080.00.
Except as otherwise provided herein, each party shall retain any monies currently held in his or her name alone. Neither party shall make any claim to the checking or savings accounts of the other, nor shall either party make any claim to any monies which the other party may receive as the result of any accident or injury involving said parties, which accident or injury occurred during the course of the marriage. Any settlement reached, or any monies awarded to, either party after the dissolution, as a result of such accident or injury, shall not be deemed a substantial change in circumstances for purposes of modifying any provision of this courts order.
The plaintiff shall pay to the defendant the sum of $100.00 per week as periodic alimony until the defendants' death or remarriage or the plaintiff reaches the age of 65, which ever CT Page 2946 of such events first occurs. If, by the time the plaintiff reaches the age of 65, the defendant has not died or remarried, the husband shall, commencing on his sixty-fifth birthday, pay to the wife periodic alimony in the amount of $50.00 per week until the wife dies or remarries, which ever event first occurs. The periodic alimony herein described shall be nonmodifiable as to term and amount. Said periodic alimony payments shall be made pursuant to a wage execution during the plaintiff employment.
As a form of spousal support, not dischargable [dischargeable] in bankruptcy, the plaintiff shall make all payments in a timely fashion and shall assume all liability for the taxes, insurance and payments of GMAC loan, Account Number 080024153714, for the 1991 Isuzu motor vehicle retained by him and hold the defendant harmless thereon. Current balance is approximate $6,076.35
As a form of spousal support, not dischargeable in bankruptcy, the plaintiff will make all payments in a timely fashion and will assume all liability for Citibank Loans, Account Numbers 85371897 and 5424180361824433 with total balances of $14,303.84 and the Fleet Bank loans, Account Number 936-767-4264, with a current balance of approximately $762.25; Account Number 0986286100 and 4464519091559351, with a current balance of approximately $5,753.01 and shall hold the defendant harmless with respect to said loans.
The plaintiff, as a form of spousal support not dischargable [dischargeable] in bankruptcy, shall assume liability with respect to the Chemical Bank student loans in the amount of approximately $5,334.66 and shall hold the defendant harmless on same.
The plaintiff shall continue the defendant on current medical and dental insurance through his employer, or the equivalent thereof until June 30, 1995.
The defendant shall assume all liability for the taxes, insurance and the Toyota Motor Credit Company loan, Account Number 028008098, current balance approximately $13,029.40 for the 1991 Toyota Camry and shall also assume all liability and hold the defendant harmless with respect to the following loans; TransAmerica Loan Account Number 204823, current balance approximately $1,911.00, Chemical Bank Loan, Account Number 4102691438899, current balance approximately $3,233.07, Citizens Bank Master Card Account Number 415020944033998, current balance CT Page 2947 approximately $3,307.86, Shawmut Bank Master Card, Account Number 5325802010624530, current balance approximately $350.00; and the $6,000.00 debt owed to the defendants' brother.
The plaintiff shall maintain life insurance in the amount supplied by his employer, Stanley-Bostitch, as the basic life insurance it supplies to its employees, with the defendant as the irrevocable, sole beneficiary of all the proceeds of said policy.
The court determines that it has provided for the defendant' support after the plaintiffs retirement and makes no provisions or allocations of any employee pension due the plaintiff.
Each party shall be responsible for their own counsel fees.
A decree may enter on the defendants cross-complaint dissolving the marriage and incorporating the aforesaid orders and awards therein.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk